FISHER & PHILLIPS LLP
SCOTT M. MAHONEY, ESQ.
Nevada Bar No. 1099
300 S. Fourth Street
Suite 1500
Las Vegas, NV  89101
Telephone: (702) 252-3131
E-Mail Address:  smahoney@fisherphillips.com
Attorney for Defendant,
NP Red Rock LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ZEZY R. FARFAN; and, ZEZY R. FARFAN, BY AND THROUGH HER GUARDIAN ELIZABETH V. ALVA;<br><br>Plaintiff<br><br>v.<br><br>STATION CASINOS, LLC, a Nevada Limited Liability Company; NP RED ROCK, LLC, d/b/a RED ROCK CASINO, RESORT AND SPA, a Nevada Limited Liability Company; ROE Business Organizations I-X; and DOE INDIVIDUALS I-X, Inclusive,<br><br>Defendants | Case No. 2:20-cv-01516-CDS-NJK<br><br>**PRETRIAL ORDER** |

After pretrial proceedings in this case,

IT IS ORDERED:

**I.**

This is a civil action for damages brought by Plaintiff Zezy Farfan ("Plaintiff" or "Ms. Farfan"), by and through her guardian, Elizabeth Alva, against Defendant NP Red Rock, LLC, d/b/a Red Rock Casino, Resort and Spa ("Defendant" or "Red Rock")[1] for alleged violations of her rights pursuant to the Americans With

---
[1] Claims against Station Casinos LLC were dismissed on summary judgment (ECF No. 64).

FP 51761319.1

Disabilities Act of 1990, as amended by the ADA Amendment Act of 2008, 42 U.S.C. § 12101 *et seq*. ("ADA") and Nevada Revised Statute §613.330.

**Plaintiff's Contentions:**

Plaintiff is a qualified person with an actual disability under the ADA. Plaintiff applied for the position of Porter in Defendant's Internal Maintenance. Defendant discriminated against Plaintiff including failing to hire her, failing to accommodate her, and failing to engage in a good faith interactive process to determine if Plaintiff could perform the essential functions of the Porter position with or without accommodation. Defendant additionally regarded Plaintiff as disabled.

**Defendant's Contentions:**

Plaintiff applied for a Porter position. She was conditionally hired by the Internal Maintenance Manager to work as a Porter in the pool area. However, Human Resources wanted to verify if Plaintiff could perform the duties of the job, and after an interactive process meeting and other inquiries, felt that Plaintiff could not satisfactorily perform the duties and declined to hire her for legitimate, non-discriminatory reasons.

## II.

Statement of jurisdiction: The ADA claim gives this Court jurisdiction pursuant to 28 U.S.C. § 1331. Supplemental jurisdiction of the state law claim exists under 28 U.S.C. § 1367(a).

///

///

///

### III.

The following facts are admitted by the parties and require no proof[2]:

1. Red Rock is an "employer" for purposes of the ADA and NRS 613.330.

2. Plaintiff is disabled for purposes of the ADA and NRS 613.330.

3. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about March 28, 2018 and received a Right to Sue letter on or about March 22, 2020.

4. At all relevant times, Red Rock had more than 500 employees.

5. Plaintiff participated in Opportunity Village's Pathway to Work training program at Boulder Station from August 2017 through January 2018.

6. Plaintiff applied for a Porter position at Red Rock in January 2018.

7. Plaintiff was interviewed by Defendant's recruiter on January 22, 2018.

8. After her interview with Defendant's recruiter, Plaintiff's application was sent to the department manager for further interview and consideration.

9. The positions of Porter and Pool Porter have the same job description.

10. On February 9, 2018, Plaintiff interviewed with Internal Maintenance Manager Josh Husok.

11. On February 9, 2018, Husok offered Plaintiff the job as Pool Porter contingent on her passing a background query.

12. On February 13, 2018, Plaintiff went to Human Resources and filled out and submitted a Civil Name Check Background Waiver.

///

---

[2] Although certain facts are admitted, the parties reserve the right to seek to exclude admitted facts through motions in limine.

FP 51761319.1                        - 3 -

13. On or about February 21, 2018, Plaintiff participated in an interview with Erika Hernandez and Antonio Nunez.

14. Plaintiff believed she could have performed the duties of a Porter working in the pool area with no accommodations.

15. On or about February 22, 2018, Defendant notified Plaintiff that she was not qualified for the position and would not be hired.

## IV.

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

None.

## V.

The following are the issues of fact to be tried and determined at trial (subject to any motions in limine or other rulings of the Court):

**Plaintiff's Proposed Issues of Fact:**

1. The essential functions of the Porter position.
2. Whether Defendant participated in an interactive process.
3. Whether Defendant participated in a good faith interactive process.
4. Whether Plaintiff could perform the essential functions of the Porter position with an accommodation.
5. Whether Plaintiff could perform the essential functions of the Porter position without an accommodation.
6. Whether there was/were reasonable accommodation(s) available that would have facilitated Plaintiff performing the essential functions of the Porter position.

7. Any issue of law set forth below which is more properly regarded as an issue of fact.

Plaintiff reserves the right to challenge, argue, and/or contest Defendant's contentions through jury instructions and/or motions in limine. Further, Plaintiff objects to any legal or factual issues that were not raised in Defendant's answer or affirmative defenses and are, therefore, waived under Fed.R.Civ.P. 8(c)(1).

**Defendant's Proposed Issues of Fact:**

1. Red Rock's hiring policies and procedures, including relating to the hiring of disabled persons.

2. The nature and extent of Plaintiff's disability.

3. Plaintiff's performance during the Opportunity Village Pathway to Work ("PTW") program at Boulder Station.

4. The essential functions of the Pool Porter position at Red Rock.

5. The facts and circumstances relating to the conditional job offer being extended to Plaintiff and whether Husok had the necessary approvals before making the offer.

6. Whether Plaintiff could perform the essential functions of a Porter working in the pool area such that she was a qualified individual with a disability.

7. What occurred during the interactive process meeting between Plaintiff, Antonio Nunez, Erika Hernandez and Tia Campbell.

8. The communications between Stacy King and Jennifer Johnson relating to Plaintiff's performance during the PTW program.

9. The communication between Jennifer Johnson and Rita Oliveri regarding Plaintiff's ability to perform the Pool Porter position.

10. The reason for not hiring Plaintiff.

11. If Red Rock is liable to Plaintiff for violating the ADA, the amount of any backpay (unless this amount is stipulated to by the parties).

12. If Red Rock is liable to Plaintiff for violating the ADA, the amount of any compensatory damages which should be awarded.

13. Whether the failure to hire Plaintiff was motivated by malice or a reckless indifference to her federally protected rights.

14. Any issue of law set forth below which is more properly regarded as an issue of fact.

## VI.

The following are the issues of law to be tried and determined at trial: **Plaintiff's Issues of Law:**

1. The essential functions of the Porter position.

2. Whether Defendant participated in an interactive process.

3. Whether Defendant participated in good faith an interactive process.

4. Whether Plaintiff could perform the essential functions of the Porter position with an accommodation.

5. Whether Plaintiff could perform the essential functions of the Porter position without an accommodation.

6. Whether there was/were reasonable accommodation(s) available that would have facilitated Plaintiff performing the essential functions of the Porter position.

7. Rulings relating to the admissibility of evidence.

8. The instructions to be given to the jury.

9. The amount and extent of Plaintiff's damages.

10. Plaintiff's rebuttal to any facts and contentions put forth by Defendant.

11. Whether the actions of Defendant were done with malice, fraud, or oppression.

12. Plaintiff's attorney's fees and costs.

13. Whether and in what amount should Defendant be assessed punitive damages.

14. Plaintiff's rebuttal to any facts and contentions put forth by Defendant.

15. Plaintiff's entitlement to an offset for any resulting prejudicial tax consequences.

16. Plaintiff's entitlement to prejudgment interest.

17. Any issue of law set forth above that is more properly considered an issue of fact.

Plaintiff reserves the right to challenge, argue, and/or contest Defendant's contentions through jury instructions and/or motions in limine. Further, Plaintiff objects to any legal or factual issues that were not raised in Defendant's answer or affirmative defenses and are, therefore, waived under Fed. R. Civ. P. 8(c)(1).

**Defendant's Issues of Law:**

1. Rulings relating to the admissibility of evidence, including motions in limine.

2. Whether Plaintiff can present a failure to accommodate claim to the jury based on her admission that no accommodation was necessary for her to perform the duties of a Pool Porter.

3. Whether Plaintiff's state law claims should be dismissed as duplicative of her federal claims.

FP 51761319.1                                           - 7 –

    4.     The instructions to be given to the jury.

    5.     Whether there is a legally sufficient evidentiary basis for any jury verdict finding liability.

    6.     Review of the propriety of any damages awarded.

    7.     If she prevails, Plaintiff's entitlement to an award of attorney's fees and costs.

    8.     Any issue of fact set forth above which is more properly regarded as an issue of law.

## VII.

(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

Charge of Discrimination (D000005)

Porter Job Description (D000133 – D000135).

Prescreening and Application for Plaintiff (D000142-D000144; D000150-D000151).

Application Response Form regarding Plaintiff (D000145)

Department Interview Questions regarding Plaintiff (D000146 – D000147)

Department Evaluation regarding Plaintiff (D000148)

Defendant's Notes of February 21, 2018 interview with Plaintiff, Tia Campbell, Erika Hernandez and Antonio Nunez (D000183-D000184)

(b) The following exhibits may be offered into evidence by the parties, subject to the objections of any party and the court's rulings on admissibility (including decisions on any motions in limine):

///

///

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

**PLAINTIFF'S EXHIBITS**

Plaintiff reserves the right to use at trial any document produced in this case by any party, including the agreed exhibits in VII(a) above, and including, but not limited to, the following:

Civil Check Background Waiver for Zezy Farfan (D0000154-D000155)

Recording of Calls from Red Rock Regarding Job As Porter (P10363)

Statement of Kirenia Jimenez-Milan (P10034)

    Objections: Rules 402, 403, 701, 802

Text Messages Between Elizabth Alva and Tia Campbell (P10022-P10023)

    Objections: Rules 402, 403, 701, 802

Text Messages Between Elizabth Alva and Kirenia Jimenez-Milan (P10024-P10025)

    Objections: Rules 402, 403, 701, 802

February 22, 2018 email between Johnson and King (D000004)

**DEFENDANT'S EXHIBITS**

In addition to the agreed exhibits referenced above, Red Rock reserves the right to use at trial any document produced in this case by any party, including, but not limited to, the following:

Petition for Appointment of Guardian Over Adult (D000197 – D000209)

    Objections: Rules 402, 403, 701, 802, 901, 902

Order Appointing Guardian (D000213 – D000215)

    Objections: Rules 402, 403, 701, 802, 901, 902

Plaintiff's Answers to Defendant Red Rock's First Set of Interrogatories

Defendant Red Rock's Answers to Plaintiff's First Set of Interrogatories

Handbook excerpt (D000008 – D000009)

Objections: Rules 402, 403, 701, 802, 901, 902

Pathway to Work Monthly Training Reports (August 2017 – January 2018) (D000085 – D000096)

Objections: Rules 402, 403, 701, 802, 901, 902

Cortes Statement – February 12, 2018 (D000001)

Objections: Rules 402, 403, 701, 802, 901, 902

Text messages between Cortes and Trejo – February 12, 2018 (D0244 – D0245)

Objections: Rules 402, 403, 701, 802, 901, 902

Flores Notes (handwritten – February 13, 2018 (D0004).

Objections: Rules 402, 403, 701, 802, 901, 902

Flores Notes (typed) – February 13, 2018 (D0200 – D0201).

Objections: Rules 402, 403, 701, 802, 901, 902

Nunez email dated February 23, 2018 (D000002 – D000003)

Objections: Rules 402, 403, 701, 802, 901, 902

February 23, 2018, email – Demmons to Hernandez (D0103)

Objections: Rules 402, 403, 701, 802, 901, 902

February 22, 2018 email between King and Johnson (D00004) (but Defendant reserves the right to file a motion in limine re: portions of the document).

Objections: Plaintiff reserves the right to object to any motion in limine.

As to the exhibits set forth in this VII(b), the parties have reached the stipulations stated regarding the same:  The parties will confer before trial and attempt to stipulate to the admission of as many of these potential exhibits as possible.  As to these exhibits, the party against whom the same will be offered may object to their admission upon the grounds stated: Pending the stipulations contemplated above, the

parties reserve their right to object to any exhibit as permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence.

(c)  Electronic evidence:  The parties are still determining whether they wish to present electronic evidence for purposes of jury deliberations.

(d)  Depositions:  The parties may use the depositions taken in this case to the extent permitted by Federal Rules of Civil Procedure 32 and the Federal Rules of Evidence.[3]  It is presently anticipated that all the deponents in this case will testify live at the trial, such that no deposition testimony will be used in the case except for purposes of impeachment.  If one of these deponents unexpectedly becomes unavailable before trial, then the opposing party will be promptly notified, and with respect to such witness, his or her deposition testimony will be timely designated, and any objections or counter-designations will then be timely made in response.

(e)  Objections to Depositions:   The parties reserve all objections permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence and the use of deposition testimony will also be subject to rulings on any motions in limine.

## VIII.

Subject to any motions in limine or other rulings of the Court, the following witnesses may be called by the parties upon trial:

(a)  Plaintiff's Witnesses:

Elizabeth Alva

Guicela Alva

---

[3] Some of the depositions may have the *Husok* caption, as the parties agreed to consolidate the cases for deposition purposes only.

| | |
|---|---|
| 1 | Tia Campbell |
| 2 | Michelle Cortes |
| 3 | Nyemma Demmons |
| 4 | Zezy Farfan, c/o counsel |
| 5 | Samuel Flores |
| 6 | |
| 7 | Kirenia Jimenez-Milan |
| 8 | Erika Hernandez |
| 9 | Josh Husok |
| 10 | Jennifer Johnson, c/o counsel |
| 11 | Stacy King |
| 12 | Betty Martin |
| 13 | Antonio Nunez |
| 14 | |
| 15 | Rita Oliveri |

16   Plaintiff reserves the right to call any other witness disclosed during the course

17   of the case, any witness listed by Plaintiff and any necessary rebuttal witnesses.

18   (b)   Defendant's Witnesses:

19   Elizabeth Alva

20   Guicela Alva

21   Tia Campbell

22   

23   Michelle Cortes

24   Zezy Farfan, c/o counsel

25   Sammy Flores

26   Erika Hernandez

27   Jennifer Johnson, c/o counsel

28

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

FP 51761319.1                                    - 12 –

1  Stacy King

2  Betty Martin

3  Antonio Nunez

4  Rita Oliveri

5

6  Any Custodian(s) of Records

7  Any person necessary to authenticate any of the possible exhibits listed herein.

8  Defendant reserves the right to call any other witness disclosed during the course of the case, any witness listed by Plaintiff and any necessary rebuttal witnesses.

## IX.

The attorneys have met and jointly offer these three trial dates: September 22, 2025; September 29, 2025, October 6, 2025.

## X.

Subject to the outcome of motions in limine, it is presently estimated that the trial will take a total of 4-6 days.

APPROVED AS TO FORM AND CONTENT:

 /s/ Victoria Neal, Esq.
Signature of Attorney for Plaintiff

 /s/ Scott M. Mahoney, Esq.
Signature of Attorney for Defendant

///

///

///

///

///

///

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

## XI.

## ACTION BY THE COURT

This case is set down for jury trial on the ~~fixed~~/stacked calendar <u>Monday, October 6, 2025</u> at the hour of <u>9:30</u> a.m. in courtroom 6B. Calendar Call shall be on held on <u>Thursday, September 25, 2025</u> at the hour of <u>10:00</u> a.m. in courtroom 6B.

DATED: 8/7/2024

_____
UNITED STATES DISTRICT JUDGE