JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV 89130
702-258-1183 ph /702-258-6983 fax
jp@kemp-attorneys.com
vneal@kemp-attorneys.com

Attorneys for Plaintiff
*Zezy R. Farfan*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ZEZY R. FARFAN; and, ZEZY R. FARFAN, BY AND THROUGH HER GUARDIAN ELIZABETH V. ALVA,<br><br>Plaintiff,<br><br>vs.<br><br>STATION CASINOS, LLC, a Nevada Limited Liability Company; NP RED ROCK, LLC, d/b/a RED ROCK CASINO, RESORT AND SPA, a Nevada Limited Liability Company; ROE Business Organizations I-X; and DOE INDIVIDUALS I-X, Inclusive,<br><br>Defendants. | Case No.: **2:20-cv-01516-CDS-NJK**<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEFING** |

In response to the Courts request on September 25, 2025 for supplemental briefing on issues Plaintiff Zezy Farfan submits the following for the Court's consideration.

### MEMORANDUM OF POINTS AND AUTHORITIES

I. **THE PROPER COURSE IS TO PERMIT TESTIMONY BY MR. HUSOK ABOUT HIS CASE, AND/OR TO PERMIT CONFRONTATION AND CROSS EXAMINATION BASED UPN THE VERDICT IN MR. HUSOK'S CASE, IF NOT**

1

**ACTUALLY IMPOSE RES JUDICATA PRECLUSIVE EFFECT ON CONTRADICTORY TESTIMONY BASED ON OFFENISVE NONMUTUAL COLLATERAL ESTOPPEL**.

On September 25, 2025, the Court ruled on Plaintiff and Defendant's Motions In Limine. On September 25, 2025, and when the parties submitted their Motion in Limine, Judge Dawson, the presiding judge in the Husok matter, had not issued the final judgement because Defendant had filed Renewed Motion for Judgment as a Matter of Law and Plaintiff had filed a Motion to Amend. On October 1, 2025, Judge Dawson issued the final judgement in favor of Husok. ECF Nos .128. *Husok v. Red Rock*, Case No. 2:20-cv-01939-KJD-DJA, (D.Nv 2025.) The Court denied Plaintiff's Motion in Limine wherein Plaintiff argued that the Court should apply the theory of Offenisve Nonmutual Collateral Estopple to foreclosure Defendant from presenting contradictory facts and argument regarding the finding in the *Husok* matter. Plaintiff renews that request given that a final judgement has now been entered by Judge Dawson.

Through its Motion in Limine, Defendant argued that the jury in Farfan should not be made aware of the verdict whatsoever. Defendant pressed concern over possible bias over allowing testimony regarding the February 13, 2018, meeting and the verdict in the *Husok* matter. In Plaintiff's Motions for Limine, she requested the Court grant Plaintiff's request for finding that she had met the elements of nonmutual collateral estoppel to foreclose Defendant's ability to relitigate and/or contradict the juries findings regarding the February 13, 2018 meeting.[1]

---

[1] A brief reminder of the surrounding facts: Zezy participated in Opportunity Village's Pathway to Work Program at Boulder Station. For most of her training she trained as a porter. In January 2018, Zezy applied for an open job as a porter with Defendant Red Rock. She passed her first interview with Defendant's recruiter. Zezy's application was forwarded to the Internal Maintenance Department's Hiring Manager, Josh Husok.

Zezy was called in for an interview after he application was reviewed by Husok. Late, on Friday, February 9, 2018, Husok interviewed Zezy. Based on Defendant's hiring protocols and his experience, Husok extended a conditional offer of employment to Zezy, several hours after the conclusion of their interview. Josh instructed Zezy to go to the Human Resource department to start processing the necessary paperwork if she was still interested in the job.

On Tuesday, February 13, 2018, Zezy went to the Human Resource Department for processing. Shortly after Zezy left, a meeting was called by Human Resource Director Stacy King to include King, Husok, Antonio Nunez, and

2

When the parties submitted their Motions in Limine, Judge Dawson, the presiding judge in the Husok matter, had not issued the final judgement. On October 1, 2025, Judge Dawson issued the final judgement in favor of Husok. (ECF Nos .128. *Husok v. Red Rock*, Case No. 2:20-cv-01939-KJD-DJA, (D.Nv. 2025.))

During September 25, 2025, and to its credit, Defendant confessed to the Court that the jury found Husok's testimony about the February 13, 2018 meeting to be the accurate and credible recounting of the February 13, meeting. This included, necessarily since the binding admission testimony in Husok was that Mr. Husok was fired solely because of what took place in the February 13 meeting. In that meeting Husok was told by Red Rock's human resources management that Red Rock does not hire "those people" meaning intellectually disabled individuals like Zezy Farfan. Husok pushed back and opposed this saying, among other things, that such discrimination was improper or illegal and that he firmly believed, after interviewing her, and after her passing the recruiter's interview, that Zezy could do the job of a Porter in the department that Mr. Husok managed and that he himself pledged to personally work with Zezy to give her the best chance at success, if needed.

There is a vast difference between the Husok and Farfan case and the reasons the information regarding the February 13, 2018 meeting are important. In Husok, the claim was on for retaliation and focused ONLY on what was said by Stacy King and Husok. That was the entirety of the case. entirety of that matter was retaliation. In Zezy's case the issue is discrimination and evidence of discriminatory animus. But the facts necessarily found by the jury in Husok's case cannot simply be ignored. Defendant brazenly claims a right to relitigate Husok's case in Farfan's case, and to be free

---

human resource personnel Erika Hernandez and Samuel Flores. Husok was terminated two days after that meeting by Stacy King and Antonio Nunez. After Husok's termination, King instructed Nunez and Flores to meet with Zezy to evaluate her ability to work as a porter. The following week, on February 21, 2018, Nunez and Hernandez met with Zezy wherein they determined she was not qualified for the job.

3

of the reality that Husok's version of what took place in that February 18, 2018 meeting has been established as fact by a jury in this District. The decision of the jury in Husok's case deserves to have integrity and not be collaterally attacked and be relitigated by the losing party in that case.

It is inconsistent with common sense values of fair play and justice to permit the Defendant to do what it wants to do here. Defendant makes no secret that its plan is to not only call Mr. Husok's credibility into question while he is testifying, but also to parade numerous witnesses before the jury in this case to contradict Mr. Husonk and hoping for a different result than the $750,000 punitive damages verdict in his case (reduced in the judgment based on the caps on such damages). To be clear, as previously represented to the court, Plaintiff is not suggesting that the full verdict form and/or the amount of damages found by Mr. Husok's jury be put before the jury in this case. However, it would be unfair to Mr. Husok as a witness, unfair to Zezy as a party, and make a mockery of the processes of this court for the Defendant to be permitted to elicit testimony and evidence that contradicts Mr. Husok's testimony without him being able to defend his credibility by noting that a properly an duly jury of his peers has concluded the facts of what happened in the February 13, 2018 meeting at issue in the two cases. If Mr. Husok is cross examined in a way that impugns his character and suggests that he is not credible, then fairness in the process, fairness to Zezy's side, and the honor of Mr. Husok demands that he be able to raise the facts in response to cross-examination, and on re-direct to answer this question and similar questions, "Mr. Husok, in your case where you made a claim against Red Rock for retaliation due to what happened in the February 13, 2018 meeting, what was the jury's decision in that case?" Or, it could be, "Mr. Husok did the jury in your case find in your favor? Did you testify in that case the same that you testified here today?" Moreover, if witnesses for Red Rock testify inconsistently with the jury's verdict in Husok's case, they should be fair game to confront with the question on cross examination, "Isn't it

4

true that in Joshua Husok's case, where you also testified, that the jury in that case found in Mr. Husok's favor and rendered a verdict that Red Rock had retaliated against him based on his opposition to discrimination against Zezy Farfan?"

To permit Red Rock to relitigate this matter that is clearly res judicata would be unjust and inconsistent with the fair administration of justice. Plaintiff, Zezy Farfan (and her guardian) hereby request that the court give the Husok verdict full res judicata effect and/or, at the very least, to not permit Red Rock to elicit evidence and testimony that contradicts the Husok verdict without being confronted with the ruling of the jury and this court. In the balance of the interests, it is far better to permit confrontation and cross examination of Red Rock and its witnesses that it would be to permit them to cover up the verdict and essentially falsely testify (based on the necessary underlying facts of the Husok verdict) about these res judicata matters. Defendant suffers no prejudice or any improper bias by being confronted with the facts and the truth determined by a jury.

## II. DANGER OF INCONSISTENT VERDICTS, ISSUE PRECLUSION AND "LAST IN TIME."

> Courts are not required to apply *res judicata sua sponte.* Thus, if a second court to face a claim or issue is not presented with *res judicata* arguments, or rejects these arguments, an inconsistent judgment may arise. If two or more courts render inconsistent judgments on the same claim or issue, a subsequent court is normally bound to follow the most recent determination that satisfies the requirements of *res judicata. See Americana,* 754 F.2d at 1529-30; *see also Treinies v. Sunshine Mining Co.,* 308 U.S. 66, 75-78, 60 S.Ct. 44, 49-51, 84 L.Ed. 85 (1939); *Porter v. Wilson,* 419 F.2d 254, 259 (9th Cir.1969), *cert. denied,* 397 U.S. 1020, 90 S.Ct. 1260, 25 L.Ed.2d 531 (1970). Restatement (Second) of Judgments § 15 (1982). This is referred to as the "last in time" rule. *Americana,* 754 F.2d at 1526.

*Robi v. Five Platters, Inc.,* 838 F.2d 318, 322 (9th Cir. 1988). This "last in time" effect is precisely what Red Rock is trying to affect. Its strategy is obviously to attempt to obtain an inconsistent verdict in this case and run back over the Judge Dawson to attempt to unwind Mr. Husok's case. Plaintiff Zezy Farfan (and her guardian) object and demand the application of res judicata, collateral

5

estoppel, and issue preclusion. The verdict was in Mr. Husok's favor and Red Rock cannot be permitted to simply ignore and avoid it. The same pertinent witnesses, the same facts regarding the February 13, 2018 meeting, and the same attorneys are all involved in both cases. There is no justification for permitting the relitigating of the issues.

### III. PLAINTIFF WILL BE DENIED FAIR PROCESS SHOULD THE COURT ALLOW DEFENDANT TO CONTRADICT THE HUSOK VERDICT WITHOUT CROS EXAMINATION OR CONFRONTATION.

Defendant's naked attempt at a do over where it can attempt to improve its presentation and hone its arguments made in the Husok trial must be disallowed by this court. To be the same as the Husok matter, we need all witnesses, rulings on the MIL's and documents that were not considered for this trial because they deal with the Husok matter. Further, note that Defendant only had two or its four February 13, 2018 witnesses testify live at the Husok trial, the other testimony was read from the deposition transcript.

So now, Defendant presumably will try to bring FOUR people to testify at Zezy's trial where only two were used live at Husok's trial. Husok then becomes merely a dress rehearsal for this case. That is unjust. Relitigating of cases is insidious and Defendant has just such an insidious motive here. The court should not permit it.

### IV. WITNESS CREDIBILITY IS PARAMOUNT

Witness credibility is a critical cornerstone in the justice system. It can considerably impact the outcome of a legal proceeding, making it a paramount factor to assess accurately. Jurors, in their quest for the truth, heavily weigh the reliability and trustworthiness of a witness. Any inconsistency or question of character can tilt the scale towards or against a litigant.

It is prejudicial to Zezy and biased the process, Zezy, and Mr. Husok, to permit Defendant to cross examine Mr. Husok and/or have witnesses testify in a way that calls his credibility into

question without providing the balance of letting the jury know that the jury in Mr. Husok's case ruled in his favor and that judgment was entered in his favor against Red Rock. The relevant facts for this issue are the same. Mr. Husok pushed back against discrimination against Zezy and objected when Stacy King, the HR Director of Red Rock, said "we don't hire those people" referring to intellectually disabled persons such as Zezy Farfan.

### V. POSSIBLE ALTERNATIVES

One possible alternative would be to fashion a jury instruction for the court to read to the jury providing the proper content and context that the court wants to strike a balance to achieve fairness in this matter. Undersigned would be happy to propose one or more jury instructions to the court for this purpose if the court decided that would be the proper way to address these issues. This instruction could be read both during the testimony or cross examination and as a jury instruction at the end of the case. If Mr. Husok is never challenged on cross examination regarding his testimony as to what happened, and/or if Red Rock never elicits the testimony that is inconsistent with the Husok jury's verdict, then the instruction may become unnecessary.

Further, pursuant to FRE 201, the Plaintiff expressly requests that the court take judicial notice of the verdict and judgment in Husok's case. FRE 201 states as follows:

> Rule 201. Judicial Notice of Adjudicative Facts
> **(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
> **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
> **(1)** is generally known within the trial court's territorial jurisdiction; or
> **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
> **(c) Taking Notice.** The court:
> **(1)** may take judicial notice on its own; or
> **(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information.
> **(d) Timing.** The court may take judicial notice at any stage of the proceeding.

7

      **(e) Opportunity to Be Heard.** On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.
      **(f) Instructing the Jury.** *<u>In a civil case, the court must instruct the jury to accept the noticed fact as conclusive. In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive.</u>*

(Emphasis Added)  Under the Rule, the court must take judicial notice and instruct the jury to accept the noticed facts as conclusive.  This would include instructing the jury in this case that the jury in Husok found and concluded that Mr. Husok had been retaliated against and fired because of his opposition to the discrimination that he perceived to be committed against Zezy Farfan.  The jury should be instructed that Mr. Husok's version of what happened in the February 13, 2018 meeting was found to be credible by the jury in his retaliation trial related to Zezy's case.

### VI. THE COURT SHOULD NOT BIFURCATE THE TRIAL

At one point at the calendar call on September 25, 2025, the court pondered the idea of bifurcating the trial in some way.  Defendant has latched onto this "divide and conquer" or "slice and dice" idea and apparently is going to write in its brief about the idea.  Bifurcation, as the court seemed to realize by the end of calendar call, is unwise and unworkable where the facts and events of this case are so intertwined, and interplay with each other.  Employment cases are like that.  They are frequently factually complex and rely on the nuances of intangibles such as the interplay between facts and relationships between persons and the timing of events.  If the court were to upset that balance it would be interfering with the natural flow of the case in a way that might well place a finger on the scale, even if unintentionally.  That is why Red Rock is so eager and excited for bifurcation because it may make certain evidence that provides context and meaning to other evidence to be left out as irrelevant to whatever bifurcated issue were litigated first.  Plaintiff objects to and opposes any bifurcation in this case.  The court's ultimate conclusion at calendar call

8

that it would not bifurcate this trial was the right call and the court should not change course on that issue.

## **CONCLUSION**

For all of the reasons set forth above, the court should not exclude the verdict and judgment results of the Husok trial (save for the amount awarded by the jury) from being raised in Zezy's case. If Defendant Red Rock attempts on cross examination or thought its witnesses to provide evidence or testimony that is inconsistent with the Husok verdict, then information about the verdict and Mr. Husok's success in his trial should be permitted to come in to balance the case and let the jury know that Mr. Husok has already been found to be credible in his testimony in his trial. Further, Plaintiff expressly and without any mistake requests the application of res judicata and offensive collateral estoppel rulings in her favor in this case. Issue preclusion would be appropriate, in fact. Finally, Plaintiff requests, pursuant to FRE 201, that the court take judicial notice of the verdict and judgment in *Husok v. Red Rock*, Case No. 2:20-cv-01939-KJD-DJA, (D.Nv. 2025.) and inform the jury of the results of the trial and judgment in that case.

DATED: October 9, 2025

LEON GREENBERG PROFESSIONAL CORP

By: */s/ Ruthann Devereaux-Gonzalez*
Ruthann Devereaux-Gonzalez, Esq.
Nevada Bar No.: 15904
1811 South Rainbow Blvd., Ste. 210
Las Vegas, Nevada 89146
Tel: (702) 383-6085
*Attorney for Plaintiff*