UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Zezy Farfan, et al., | Case No. 2:20-cv-01516-CDS-NJK |
| Plaintiffs | **Order Resolving Pretrial Issues** |
| v. | |
| NP Red Rock, LLC, d/b/a Red Rock Casino, Resort and Spa, | [ECF Nos. 95, 96, 103] |
| Defendant | |

During the September 25, 2025 calendar call, I ordered the parties to file briefing on the collateral estoppel issue that was raised in pretrial motions practice, and further ordered the parties to address whether the trial should be bifurcated. The parties timely submitted supplemental briefs. *See* ECF Nos. 95, 96, 103. Upon consideration of the briefings before me, I decline to bifurcate the trial.

Further, while not titled as such, as part of the supplemental briefing, the defendant filed a motion for reconsideration regarding my order denying its motion in limine regarding admission of evidence or questions regarding whether the plaintiff needed a reasonable accommodation. *See* ECF No. 95. In sum, the defendant argues that because the plaintiff admitted in her deposition that she did not need an accommodation, any evidence regarding the accommodation process should be excluded. *See id.* The defendant seems to misapprehend the law. Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate accommodations. *Barnett v. U.S. Air*, 228 F.3d 1105, 1114 (9th Cir. 2000). Here, the facts of the case suggest that from the time the plaintiff applied for the porter job, the defendant was aware that the plaintiff might need an accommodation. The

interactive process requires communication and good-faith exploration of possible accommodations between employers and individual employees, and neither side can delay or obstruct the process. *Id.* at 1114–15. Whether the defendant did or did not engage in the interactive process is a question of fact for the jury to decide, and if the jury decides they did not, the defendant may be liable for failing to do so. *See id.* at 1116 (holding that employers "who fail to engage in the interactive process in good faith, face liability for the remedies imposed by the statute if a reasonable accommodation would have been possible."). Whether Farfan needed an accommodation or not is a separate issue; however, the defendant cannot just skip over the interactive process requirement because the plaintiff stated, after-the-fact, that no accommodation was needed. To the extent the plaintiff changes her testimony about not needing an accommodation, that is a matter for cross-examination.

      I also considered the parties' arguments regarding collateral estoppel. *See* ECF Nos. 96, 103. As a threshold matter, the defendant's request to exclude the verdict is denied, without prejudice, as moot. During the calendar call on September 25, 2025, I ruled that the Husok verdict was not admissible, but relevant testimony from that trial may be properly admitted. Further, to the extent I need to address collateral estoppel issues during the trial, I will address them at that time. However, the parties are cautioned that I will not permit a Husok retrial, so the parties are advised that if they intend to ask any question or introduce any evidence regarding the verdict in the Husok matter, they must seek permission ahead of time. And, until further order of the court, to the extent the parties seek to examine a witness regarding any Husok trial testimony, the parties must pose the question(s) as follows: "In a prior proceeding, did you testify. . . ."

Dated: October 17, 2025

_____
Cristina D. Silva
United States District Judge