UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Zezy R. Farfan,

Plaintiff

v.

Station Casinos, LLC,

Defendant

Case No. 2:20-cv-01516-CDS-NJK

**Order Resolving the Question of Damages**

[ECF Nos. 123, 124]

On October 23, 2025, a jury returned a verdict in favor of the plaintiff on all claims. *See* Verdict, ECF No. 112. As relief, the jury awarded damages in the amount of $400,000 for claims one, two, and three, respectively. *Id.* at 2. The jury also determined that punitive damages were warranted, and so $2,500,000 were awarded against the defendant. *Id.* Following the verdict, the parties were ordered to meet and confer to set a briefing schedule for any post-trial issues. *See* Mins., ECF No. 110 at 2. The parties complied and filed a stipulated briefing schedule. Stip., ECF No. 118; Stip. extend. time, ECF No. 121. In accordance with their agreed-upon briefing schedule, the parties submitted post-trial briefs. *See* Def.'s brief, ECF No. 123; Pl.s' brief, ECF No. 124. The briefing is complete and addresses the issue of damages. Resps., ECF Nos. 125, 126.

Red Rock asserts that Farfan's compensatory and punitive damages are limited to a combined total of $300,000, plus backpay, under the Americans with Disabilities Act (ADA). ECF No. 123. Red Rock contends that Farfan was subjected to "one adverse employment action"—that is, not being hired as a pool porter at the Red Rock Hotel & Casino. *Id.* So Red Rock argues that allowing Farfan to recover for each claim based on the same conduct constitutes "double recovery." *Id.*

In her brief, Farfan admits that under the ADA, the cap for non-economic compensatory damages and punitive damages is $300,000. ECF No. 124 at 2. However, Farfan argues that she is nonetheless entitled to the full amount of damages awarded to her by the jury pursuant to state law, or in the alternative, pursuant to *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 509–10 (9th Cir. 2000). *Id.* Farfan lists several options in which the court could consider and apply both federal and state law in light of the jury's verdict. *See id.* at 3.

Red Rock opposes Farfan's arguments, asserting that neither NRS 613.432 nor NRS 42.005 provide a basis to award the entire amount of damages awarded by the jury. *See* ECF No. 125 at 2–5. Red Rock further asserts that *Passantino* is inapplicable here because the state claims were not submitted to the jury, and because the Washington state law at issue in that case were "more robust than those offered under Title VII." *Id.* at 5 (citing *Passantino*, 212 F.3d at 510).

For the following reasons, the court grants the defendants' request to limit damages to $300,000, and further awards backpay in the amount of $20,000 plus applicable accrued interest.

## I.      Discussion

The ADA, much like Title VII, "exists in large part 'to make persons whole for injuries suffered on account of unlawful . . . discrimination." *Clemens v. Centurylink Inc.*, 874 F.3d 1113, 1115 (9th Cir. 2017) (citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975)). A person who brings claims under the ADA is statutorily entitled to the same "powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9" of the Civil Rights Act of 1964. 42 U.S.C. § 12117(a). Accordingly, plaintiffs who prevail on their ADA claims are permitted to "recover compensatory and punitive damages as allowed in [§ 1981a(b)] in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent." 42 U.S.C. § 1981a(a)(2). However, the amount of damages a plaintiff may recover is statutorily dependent on the number of employees the defendant employs. *See id.* at § 1981a(b)(3). As relevant here, for employers having more than 500 employees in each of 20 or more calendar

weeks in the current or preceding calendar year, the maximum liability of $300,000 for such compensatory awards applies with respect to **each complaining party**. *See id.* at § 1981a(b)(3)(D) (emphasis added). The term "complaining party" means "a person who may bring an action or proceeding under title VII of the Civil Rights Act of 1964 (42 U.S.C § 2000e, et seq.)." *See id.* at § 1981a.

The parties do not dispute that, as an employer, Red Rock qualifies under subsection (b)(3)(D), so the corresponding amount of damages is $300,000. Thus, the only issue to resolve is whether the total amount of compensatory and punitive damages that Farfan can recover is limited to $300,000. Applying the plain language of § 1981a, I find the total amount of damages that can be awarded is limited to $300,000 because 42 U.S.C. § 1981a(b)(3)(D) applies *per complainant* (plaintiff), not per claim. *See* 42 U.S.C. § 1981a(b)(3)(D). Courts across the country, including those in the Ninth Circuit, have held that the § 1981a damages cap applies in the aggregate to all claims brought by a plaintiff, who is the complaining party. *See McEnroe v. Microsoft Corp.*, 2009 WL 4824709 (E.D. Wash. Dec. 11, 2009); *Membery v. Hale'Aino Mekiko, LLC*, 2014 WL 183305 (D. Ariz. Jan. 16, 2014); *Muller v. Costello*, 997 F. Supp. 299, 303 (N.D.N.Y. 1998), *aff'd*, 187 F.3d 298 (2d Cir. 1999). *Hudson v. Reno*, 130 F.3d 1193 (6th Cir. 1997), *abrogated on other grounds by Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843 (2001); *Fogg v. Ashcroft*, 254 F.3d 103 (D.C. Cir. 2001) (citations omitted); *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232 (10th Cir. 1999); *Rau v. Apple–Rio Mgmt., Co.*, 85 F. Supp. 2d 1344 (N.D. Ga. 1999), *aff'd*, 251 F.3d 161 (11th Cir. 2001); *Black v. Pan Am. Labs. L.L.C.*, 646 F.3d 254, 264 (5th Cir. 2011). Further, because NRS 613.432 expressly adopts the remedies under Title VII, recovery is still capped at $300,000.

Farfan argues that *Passantino* permits this court to allocate the damages between her state and federal claims. But I find this argument unconvincing for two reasons. First, Passantino's state law claims were expressly decided by that jury. ECF No. 124 at 6. As a result, the district court had the choice of allocating the damages to either the federal or state claims. *Id.* at 509. Here, while both the state and federal claims were submitted to the jury, they were based on the

3

same exact discriminatory conduct, just alleged under federal and state law, with no other distinction, so there was no need to expand the verdict form to allow specific findings under each claim. *See* ECF No. 1 at 12–15; ECF No. 112 at 1–2.[1]

Second, and as already noted, Nevada expressly incorporates the same damages cap set forth in Title VII and limits recovery per claimant, and Farfan did not bring any other claims except those under the ADA, so reallocation is inappropriate here. *Cf. Martini v. Fed. Nat. Mortg. Ass'n*, 178 F.3d 1336, 1349 (D.C. Cir. 1999) (reversing application of the $300,000 cap instead of reallocating the recovery under D.C. law that contained no cap on damages); *Pavon v. Swift Transp. Co.*, 192 F.3d 902, 910–11 (9th Cir. 1999) (affirming district court's reallocation of damages exceeding the $300,000 cap "to claims other than those brought under Title VII"); *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021) (holding that "every violation of the ADA in California is automatically a violation of [California-based ADA claims]," so "the net practical consequence is to create a state law cause of action that permits . . . a damages remedy that is *not* available under the ADA" (emphasis added)).

Indeed, re-allocating the damages as Farfan requests runs counter to the Ninth Circuit's instruction to "avoid awarding a litigant double recovery for the same harm." *Teutscher v. Woodson*, 835 F.3d 936, 954 (9th Cir. 2016) (citing *Selgas v. Am. Airlines, Inc.*, 104 F.3d 9, 13 (1st Cir. 1997) (explaining that a district court's discretion to craft an equitable remedy is limited by the need "to avoid duplication")). So, "if a plaintiff brings two causes of action—one state and one federal—that arise from the same operative facts and seek relief for the same harm, the trial court must assure that the plaintiff recovers only once." *Id.* (citing *Medina v. District of Columbia*, 643 F.3d 323, 326 (D.C. Cir. 2011) (explaining that "a jury is not prohibited from allocating a single damages award between two distinct theories of liability," only from awarding it twice).

---

[1] Courts have held that claims under NRS 613.330 follow the same standard as the ADA. *See Robertson v. Formation Nation*, 2025 U.S. Dist. LEXIS 213150, at *6 (D. Nev. Oct. 27, 2025).

4

Accordingly, Farfan's request to reallocate the damages award is denied, so the defendant's motion to reduce the damages to $300,000 is granted.[2]

However, the $300,000 cap does not apply to back pay. *See* 42 U.S.C. § 1981a(b)(2); *see also Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1069 (9th Cir. 2005) (holding that back pay under the ADA is an equitable remedy to be determined by the court). Red Rock seemingly concedes that Farfan is entitled to backpay, *see* ECF No. 123 at 5–6, and submits that $16,280 plus any interest as set forth in 28 U.S.C. § 1961 is appropriate. Farfan seeks $22,200 in backpay. *See* ECF No. 126 at 6. The parties' disagreement as to the amount of backpay owed rests with differing estimates of the length of the pool season. *Compare* ECF No. 123 at 5 (estimating the pool season to be from May 1 to September 30), *with* ECF No. 126 at 6 (estimating pool season to be from April 1st through October 31st). As there is no disagreement that backpay is appropriate, I exercise my discretion and award Farfan in the amount of $20,000, plus any accrued interest, as pool seasons sometimes start as early as March and end as early as September.

## II.   Conclusion

IT IS HEREBY ORDERED that the Clerk of Court enter judgment in favor of the plaintiff on all claims and award plaintiff $300,000 in compensatory and punitive damages, and $20,000 in back pay plus any accrued interest in accordance with 28 U.S.C. § 1961, and to close this case.

Dated: April 20, 2026

_____
Cristina D. Silva
United States District Judge

---

[2] The court declines to consider Farfan's argument that the court should apply NRS 42.005 to award punitive damages. NRS 613.432 does not contain a carveout or exception in adopting the remedies set forth in Title VII.

5